UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

LARRY MCGEE,

                Plaintiff,                        Case No. 2:11-cv-415

v.                                            Honorable Robert Holmes Bell

UNKNOWN PART(Y)(IES),

                Defendant.

_____/

## ORDER

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On November 2, 2011, the Court issued an opinion and order (docket ##2 and 3) denying Plaintiff leave to proceed *in forma pauperis* because he was barred by the "three-strikes" rule of 28 U.S.C. § 1915(g). The Court required Plaintiff to pay the $350.00 civil action filing fee within twenty-eight days, and the Court warned that his case would be dismissed without prejudice should he fail to pay. The Court also warned that Plaintiff would be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

        More than twenty-eight days have elapsed since the Court's order requiring Plaintiff to pay the filing fee, and Plaintiff has not paid the fee. Plaintiff has failed to comply with the order; therefore, dismissal of this action without prejudice is appropriate. Because the obligation to pay the full filing fee arises at the time the civil complaint is filed in the Court, Plaintiff remains liable for payment of the civil action filing fee despite the dismissal of his action. *See In re Alea*, 286 F.3d at 381. Not to require payment of the full filing fee would permit a prisoner subject to the three-

strikes rule to continue to file frivolous civil complaints without financial consequence. *Id.* Accordingly, the agency having custody of Plaintiff shall collect the $350.00 civil action filing fee and remit the funds to the Clerk of this Court.  The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.

Therefore, in accordance with this Order, the Court will issue a Judgment dismissing the complaint without prejudice for lack of prosecution.  Further,

**IT IS ORDERED** that the agency having custody of Plaintiff shall collect the $350.00 civil action filing fee and remit the funds to the Clerk of this Court.

**IT IS ALSO ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  Further, should Plaintiff appeal this decision, he must pay the $455.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

Dated: <u>December 30, 2011</u>                    <u>/s/ Robert Holmes Bell</u>
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE